UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BURTON N. PUGACH, LEW MARKUS,
MICHAEL BLANCHARD, as Managing Agents
for St. Stephens Community Development Corp.
and St. Stephens Bible College Real Estate
Management Corp. appearing Qui Tam, on behalf
of the United States of America, and GORDON
HILYARD, as Director of St. Stephens Community
Development Corp. and St. Stephens Bible College
Real Estate Management Corp.,

            Plaintiffs,            <u>MEMORANDUM AND ORDER</u>

            - against -            2:05-cv-02498-ENV-MLO

M&T MORTGAGE CORP.,

            Defendant.
-----------------------------------------------------------------X

VITALIANO, D.J.

On June 4, 2008, after the Court had previously dismissed plaintiffs' claims under the False Claims Act, 31 U.S.C. §§ 3729, 3730(b), and found that plaintiffs had brought and maintained a frivolous action and had done so vexatiously, the Court awarded defendant $81,303.83 in attorneys' fees and $5,537.62 in costs pursuant to 31 U.S.C. § 3730(d)(4). Judgment was entered June 23, 2008 and plaintiffs have appealed. Plaintiffs now bring a motion for a stay of execution of judgment pending appeal without the posting of a bond. For the reasons recited below, the motion is denied.

## DISCUSSION

The facts underlying the award of fees and costs are set forth in the Court's October 8, 2007 order dismissing plaintiffs' case and finding that an award of attorneys' fees was appropriate. They will not be repeated here. In support of this motion for a stay of execution of

1

the judgment pending appeal, plaintiffs argue that there is a reasonable probability that the attorneys' fees award will be reversed. For that proposition, plaintiffs simply make the same arguments that they made in their motion for reconsideration of the Court's October 8 dismissal order and in their opposition to defendant's request for attorneys' fees. In sum, plaintiffs argue that there should have been no award of attorneys' fees award against them because they sued as relators bringing a *qui tam* action to recover for the government for money they allege was wrongfully paid to M&T. Defendant opposes the motion on the ground that plaintiffs have not satisfied their burden under Rule 62(d) of demonstrating the need for a stay without posting a supersedeas bond.

As defendant notes, a party seeking a stay of enforcement of a judgment pending appeal can obtain a stay as a matter of right under Rule 62(d) by posting a bond to secure the amount of the judgment. Fed. R. Civ. P. 62(d); De la Fuente v. DCI Telecommunications, Inc., 269 F.Supp.2d 237, 240 (S.D.N.Y. 2003). A district court may also grant a stay without requiring a supersedeas bond, but must consider "(1) whether the petitioner is likely to prevail on the merits of his appeal, (2) whether, without a stay, the petitioner will be irreparably injured, (3) whether issuance of a stay will substantially harm other parties interested in the proceedings, and (4) wherein lies the public interest." De la Fuente, 269 F.Supp.2d at 240. Each factor "will be applied flexibly according to the circumstances of each case." Id. Further, "[b]ecause a supersedeas bond is designed to protect the appellee, the party seeking the stay without a bond has the burden of providing specific reasons why the court should depart from the standard requirement" of requiring the plaintiff to post such a bond. Id.

Plaintiffs address only prong (1), arguing that they are likely to prevail on the merits of their appeal. The Court disagrees. As set forth in the October 8 dismissal order and in the May

5, 2008 order denying reconsideration, the issues in this action surrounding M&T's alleged fraud have been litigated numerous times over by these parties or their privies in foreclosure actions both in state court and again before Judge Joanna Seybert of this Court. Accordingly, dismissal was clearly appropriate on grounds of *res judicata* and/or collateral estoppel. In fact, the action was so clearly frivolous and vexatious, given this history, that an award of attorneys' fees to M&T under 31 U.S.C. § 3730(d)(4) was justified in the first place. Plaintiffs' contention that they are likely to succeed on appeal amounts only to an unsupported rehash of arguments that the Court has already found to be without merit. The argument does not demonstrate any reasonable likelihood of persuading an appeals court either that the action should not have been dismissed or that it was not frivolous and vexatious. Nor do plaintiffs challenge the specific amount of the attorneys' fees the Court awarded to defendant. Indeed, as noted in the June 4 order, the decision to grant attorneys' fees under 31 U.S.C. § 3730(d)(4) and the amount of attorneys' fees to be awarded are generally within the discretion of the district court. See Mikes v. Straus, 274 F.3d 687, 704 (2d Cir. 2001). Accordingly, plaintiffs have not provided the Court with any reason to believe that its award of attorneys' fees will be reversed or modified on appeal.

Plaintiffs do not even attempt to demonstrate that any of the other factors that would justify granting a stay without requiring them to post a supersedeas bond are present. There has been no showing whatsoever of irreparable injury absent a stay – for instance, plaintiffs make no allegation that any of them is "insolvent or facing imminent bankruptcy, or is in a perilous financial state." Centauri Shipping Ltd. v. Western Bulk Carriers KS, 528 F.Supp.2d 186, 194 (S.D.N.Y. 2007).[1] Plaintiffs also do not argue that M&T will not be substantially harmed in its

---

[1] Indeed, in its June 4, 2008 order fixing the amount of attorneys' fees (which plaintiffs have not moved to reconsider), the Court noted that plaintiffs had not made any showing of financial

3

efforts to collect on the judgment in the absence of a bond. Without such showing, the Court finds that entry of an unbonded stay could certainly "compromise[] [defendant's] chances of collecting on an eventual judgment" here. De la Fuente, 269 F.Supp.2d at 244. Finally, despite plaintiffs repeated bare assertions that an award of attorneys' fees is inappropriate because this action was commenced on behalf of the government (an assertion that is contrary to explicit provisions in the False Claims Act), the Court is unaware of any public interest that might justify granting a stay here without requiring plaintiffs to post a supersedeas bond.

Accordingly, the motion for a stay without bond pending appeal is denied.

SO ORDERED.

Dated: Brooklyn, New York
      July 2, 2008

                                                                               s/ENV
                                            _____
                                            ERIC N. VITALIANO
                                            United States District Judge

---

hardship justifying any reduction in the amount that the Court determined to be a reasonable fee award.